UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff/Respondent,  )<br>  )<br>v.  )<br>  )<br>TILMAN RUFUS PARTIN,  )<br>  )<br>Defendant/Movant.  )<br>  ) | No. 6:96-CR-63-GFVT-REW<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Tilman Rufus Partin filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. DE #325 (Motion). Because the motion as submitted failed to specify grounds for relief or provide facts supporting each ground and did not generally follow the standard form, the Court ordered Partin to fully complete and file the standard § 2255 form. DE #327 (Order). The Court also ordered Movant to show cause why the motion should not be transferred to the Sixth Circuit as second or successive. Partin timely submitted a new motion, which does provide grounds for relief as well as facts in support thereof, and further states: "Under the dictates of 28 U.S.C. § 2255(f)(3) this is not a second and/or successive 2255 thus petitioner has (1) one year from June 17, 2013 the date the Supreme Court decided *Alleyne* in which to file." DE #328 (Motion).

Having reviewed the full record, the Court **RECOMMENDS** that the District Court **TRANSFER** the instant § 2255 motion (DE ##325, 327) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. The motion is second or successive and the record does not reflect proper certification.

I.     **Procedural History**

A federal jury convicted Partin on May 1, 1997, and District Judge Jennifer Coffman sentenced him on October 10, 1997. Pursuant to the law in effect at the time, the Court sentenced Partin to life imprisonment. DE #183 (Judgment). Defendant directly appealed to the Sixth Circuit, which wholly affirmed on February 9, 2009. Partin then filed a motion pursuant to § 2255 (DE #248), which Judge Coffman denied on May 31, 2002. DE #266 (Order). Defendant also made various later filings seeking relief from the judgment, all of which the Court denied. DE ##274 (Motion to amend/correct sentence), 275 (Order denying), 285 (Motion for review of sentence), 286 (Order denying). Judge Coffman further denied Partin's August 31, 2007 motion for Rule 60(b) relief, admonishing Partin that further filings challenging his conviction, absent certification from the Sixth Circuit for a successive § 2255 motion, could result in sanctions. DE #313 (Order).[1] Partin again seeks § 2255 relief.

II.    **Analysis**

Prior to filing a second or successive § 2255 motion, a defendant must first obtain authorization from the Sixth Circuit. *See* 28 U.S.C. § 2244(a), 2255(h). Per 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[1] Judge Coffman included similar language in an earlier order denying Defendant's motion for an extension of time. *See* DE #305 (Order) (summarizing admonition as follows: "Tilman Rufus Partin is on **NOTICE** hereafter that if he files any further challenges to his conviction herein, without the Sixth Circuit's authorization to bring a successive 2255 motion, he will be sanctioned as discussed in this order.").

(2) a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.

*Id.* (emphasis added).  The record here does not reflect proper certification.  The Court has previously noted that it doubts Partin's argument, *see* DE #327 (Order) at 2 n.1, and the resubmitted motion does not address retroactivity.

Partin summarily alleges that the instant relief request is not second or successive pursuant to § 2255(f)(3), which states:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review.

28 U.S.C. § 2255(f)(3).  Except for his argument relative to § 2255(f)(3), Movant does not state any other response to the show cause order.  Subsection (f) contains the statute of limitations governing § 2255 motions, a concept and analysis distinct from whether a relief effort is second or successive. The Court questions but need not decide the issue of timeliness.  Again, a number of courts have found the Supreme Court's ruling in *Alleyene v United States*, 133 S. Ct. 2151 (2013), not to apply retroactively.  *See United States v. Graham*, No. 2:06-CR-95-DCR, 2013 WL 4400521, at *2 (E.D. Ky. Aug. 15, 2013) (collecting cases).  Retroactivity is a prerequisite under § 2255(f)(3) and (h)(2), and the latter is a matter reserved for the Circuit.  *See United States v. Gasca*, No. 13-3227, 2013 WL 6153506, at *1 (10th Cir. Nov. 25, 2013) ("We recently joined the Seventh Circuit in holding that *Alleyne* does not meet the standard for authorizing second or successive claims because the Supreme Court has not made *Alleyne* retroactive to cases on collateral review as required by § 2255(h)(2)." (citation omitted)).

Here, the District Court adjudicated the prior § 2255 motion on the merits; the current motion is thus second or successive under § 2255(h). *See Barton v. Wilson*, No. 10-349-HRW, 2012 WL 1634013 (E.D. Ky. May 8, 2012) (citing *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) and *United States v. Deeb*, 944 F.2d 545 (9th Cir. 1991)). Absent certification, the Court lacks jurisdiction to consider the motion. 28 U.S.C. § 2255; *see also Burton v. Stewart*, 127 S. Ct. 793, 796 (2007); Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.     Recommendation

The instant motion is second or successive and not, as a predicate, certified by the Sixth Circuit. Accordingly, the Court **RECOMMENDS** that the District Court **TRANSFER** Partin's motion (DE ##325, 328) to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for proceedings in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (endorsing transfer as proper method under § 1631). On this record, the Court is without jurisdiction to assess the merits of Partin's claim.

\*     \*     \*     \*     \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in

waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 17th day of December, 2013.

Signed By:
Robert E. Wier
United States Magistrate Judge